# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| JOSE MELVIN ROMERO CASTRO, | § |
| | § |
| *Petitioner*, | § |
| | § |
| v. | § |
| | § |
| KRISTI NOEM, IN HER OFFICIAL | § |
| CAPACITY AS SECRETARY OF | § |
| DEPARTMENT OF HOMELAND | § |
| SECURITY; PAMELA BONDI, IN | § |
| HER OFFICIAL CAPACITY AS | § |
| ATTORNEY GENERAL OF THE | § |
| UNITED STATES; TODD LYONS, IN | § |
| HIS OFFICIAL CAPACITY AS | § |
| ACTING DIRECTOR AND SENIOR | §   No. 3:25-CV-00611-LS |
| OFFICIAL PERFORMING THE | § |
| DUTIES OF THE DIRECTOR OF U.S. | § |
| IMMIGRATION AND CUSTOMS | § |
| ENFORCEMENT; MARY ANDA- | § |
| YBARRA, IN HER OFFICIAL | § |
| CAPACITY AS FIELD OFFICE | § |
| DIRECTOR OF THE EL PASO FIELD | § |
| OFFICE OF U.S. IMMIGRATION | § |
| AND CUSTOMS ENFORCEMENT, | § |
| ENFORCEMENT AND REMOVAL | § |
| OPERATIONS; and JOHN DOE, IN | § |
| HIS OFFICIAL CAPACITY AS | § |
| WARDEN OF THE ERO EL PASO | § |
| CAMP EAST MONTANA FACILITY, | § |
| | § |
| | § |
| *Respondents*. | § |

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Jose Melvin Romero Castro filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion for a temporary restraining order or preliminary injunction.[2] For the following reasons, the Court denies Petitioner's motion.

## I.    LEGAL STANDARD.

The elements required to grant a motion for injunctive relief are:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. [3]

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny a preliminary injunction.[5]

## II.    ANALYSIS.

"The purpose of a preliminary injunction [or temporary restraining order] is not to give the plaintiff the ultimate relief it seeks."[6] Instead, it "is to preserve the *status quo* and prevent irreparable injury until the court renders a decision the merits."[7] Petitioner requests that a temporary restraining order be issued to require Respondents to release him while his petition for writ of habeas corpus is pending or, alternatively, to provide him with a bond hearing.[8] But the ultimate relief he seeks is also release from custody or a bond hearing.[9] The Court can only preserve the *status quo*, not provide Petitioner with the ultimate relief requested.

---

[1] ECF No. 1.
[2] ECF No. 2.
[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996).
[7] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. 2022).
[8] ECF No. 2 at 6.
[9] ECF No. 1 at 23.

**III.    CONCLUSION**

For this reason, all requested relief in Petitioner's application for a temporary restraining order or preliminary injunction [ECF No. 2] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on December 5, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**